Albert E. Gleeson, J.
The issues in the above-entitled action came on for trial before me on April 24, 1975.
The plaintiff brings this action for certain work, labor, and services which he claimed he performed for the defendant. The facts are not in dispute. On May 20, 1974, the defendant parked her car in front of her home at 241 McLean Avenue, Yonkers, New York, and a hit-and-run vehicle struck the same and other cars. The plaintiff was called to the scene by the police and towed the car to his body shop. The vehicle was a 1964 Chevrolet and the plaintiff testified that it was probably worth no more than $100 before the accident and nothing after the accident.
The plaintiff sues for $75 for towing the car and he claimed he had the car in storage for 37 days at $3 per day, making a total of $186. He adds on $13.02 for taxes, making the sum total of his claim $199.02.
Let us look at the relationship between the plaintiff and the defendant. There was certainly no ex contractu or ex delicto relationship. The plaintiff was never hired nor ever met the defendant until sometime later. There was not even, in the court’s opinion, a claim under quantum meruit but at best, it would appear that the plaintiff could recover ex debito justitiae. The only thing that the defendant did wrong was to park her car in front of her house which, in suburbia Westchester, is done by a couple of hundred thousand people every night.
It appears to this court that the plaintiff had a duty to minimize the damages in view of the legal relationship with the defendant.
It is the opinion of this court that the plaintiff have judgment against the defendant in the amount of $117 plus $10 costs plus $10 interest plus $9 disbursements.